FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID TROUPE,<br><br>        Plaintiff,<br><br>   v.<br><br>LISA MORROW, TORIN MITCHEL, C/O MRS. RUTLAGE, SGT MEUSS, SHARON DUKE, SCOTT R. BUTTICE, JAMIE L. DAVIS, LT CAPT LONG, LT MOORE, LISA ROBTOY, CRYSTAL CONTRERAS, RANDAL GOODENOUGH, SARAH KNAPP, DR. KARI RAINER, JONATHAN LOPEZ, and KATRINA SUCKOW,<br><br>        Defendants. | NO: 4:18-CV-5041-RMP<br><br>ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT |

By Order filed March 16, 2018, the Court directed Plaintiff to show cause why he should be permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). On March 23, 2018, Plaintiff, a *pro se* prisoner at the Washington State Penitentiary, filed a Reply, ECF No. 10. At the same time, he also filed a Motion for Emergency Protective Order and Expedited Motion, ECF No. 11, which was

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 1

noted for hearing on March 30, 2018. The Motion for Emergency Protective Order and Expedited Motion were considered without oral argument on the date signed below.

**REPLY**

Plaintiff David Troupe does not contest that he has qualifying "strikes" under 28 U.S.C. § 1915(g), but he asserts that "[t]he 3 strike law is ambiguous since it doesn't clarify frivolous or malicious and leaves it open to Judges to make varying decisions on what's a strike." ECF No. 10 at 3. Section 1915(g) has been upheld against numerous constitutional challenges. *See Andrews v. King*, 398 F.3d 1113, 1123 (9th Cir. 2005); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir 1997). Plaintiff's assertion is unavailing.

Plaintiff has not shown that he successfully appealed the dismissals of his actions or appeals as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] He may not challenge those dismissals here. With more

---

[1] *See Troupe v. Evensen, et al.,* No. 2:13-CV-05037-EFS (E.D. Wash. Aug. 5, 2013) (dismissed for failure to state a claim after being provided an opportunity to amend the complaint, ECF No. 11, no appeal taken); *Troupe v. Swain et al.,* No. 3:14-CV-05886-BHS (W.D. Feb. 9, 2015) (District Court adopted a Report and Recommendation to dismiss the action with prejudice for failure to state a claim

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 2

than three qualifying "strikes" under 28 U.S.C. § 1915(g), Plaintiff must demonstrate that he was under "imminent danger of serious physical injury" when he lodged his complaint on March 12, 2018. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

To support his contention that he is under "imminent danger of serious physical injury," Plaintiff asserts that Defendant Correctional Officer Torin Mitchel has threatened to kill him twice. ECF No. 10 at 2. Plaintiff provides no information regarding when Defendant Mitchel issued these alleged threats or the circumstances that prompted them.

In the initial complaint, Plaintiff had asserted only one threat issued while Defendant Mitchel and another officer were apparently attempting to subdue

---

and to count the action as a strike, ECF No. 16, appeal No. 15-35221, dismissed as untimely, mandate issued July 1, 2015); *Troupe v. Woods, et al.,* No. 3:16-CV-05077-RBL (W.D. Wash. Mar. 31, 2017) (District Court adopted a Report and Recommendation to dismiss the action with prejudice and to count the action as a strike for being frivolous and malicious, ECF No. 101, no appeal taken); *and Troupe v. Swain et al.,* No. 3:16-CV-05380-RJB (W.D. Wash. Jun. 5, 2017) (District Court dismissed the action with prejudice and counted the action as a strike for being frivolous and malicious, ECF No. 93, appeal No. 17-35516, pending).

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 3

Plaintiff on January 31, 2018. ECF No. 1 at 8. Plaintiff has alleged no facts indicating Defendant Mitchel is allowed unsupervised contact with Plaintiff. Indeed, Plaintiff indicated that at least one other person had been present when Defendant Mitchel had contact with Plaintiff. Plaintiff contends, "even if this Court doesn't think a [corrections officer] will kill an inmate[, it] doesn't diminish the threat that Troupe feels daily." ECF No. 10 at 7. Plaintiff's subjective feelings, without supporting factual allegations, are not sufficient to avoid application of 28 U.S.C. § 1915(g).

Plaintiff repeats the assertion from his complaint that, on January 31, 2018, his lower back was "slammed into the concrete floor," and his wrists were twisted to the point of injury after which he was denied medical treatment. ECF No. 10 at 4. Plaintiff complains that he experienced severe pain/harm for two weeks following that incident, which could have been alleviated by "proper treatment and anti-[inflammatory] meds." *Id.* He also complains that dirty gauze was used on his leg on January 31, 2018, to "put his life and limb at risk." *Id.*

The Court notes that Plaintiff admitted in his complaint to receiving medical treatment on February 1, 2018, when he was prescribed antibiotics. ECF No. 1 at 9. The Court cannot infer from the facts presented that Plaintiff was in imminent danger of serious physical injury on March 12, 2018, based on incidents occurring in January.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 4

Plaintiff contends that Defendant Jamie Davis told Plaintiff that "custody is not mental health and he needs to stop complaining." ECF No. 10 at 5. To discourage Plaintiff's complaints, Plaintiff claims Defendant Davis "tortured" him by telling him that she had tortured animals/rodents. *Id.* Plaintiff accuses Defendant Davis of taking no action regarding his suicide thoughts/depression, and allegedly allowing him to go without food and water for over three days. *Id.* Plaintiff contends that Defendant Davis "showed no concern" for his depression; that she failed to ask the medical staff to watch Plaintiff closely over the weekend; and that the lack of water for three days (apparently over that weekend) constituted "imminent danger of serious physical injury." *Id.*

According to the complaint, this occurred several weeks before Plaintiff filed his initial complaint. ECF No. 1 at 11. He does not allege that he was permitted to continue a hunger/water strike beyond three days. The fact Plaintiff anticipates his release from incarceration in June 2019, and possible future misbehavior, ECF No. 10 at 11, would seem to obviate an actual suicidal ideation. Furthermore, Plaintiff has a known propensity to engage in self-harming behavior to manipulate prison staff, *see Troupe v. Pease, et al.,* No. 4:15-CV-05090-EFS (Aug. 14, 2017), ECF No. 159 at 2-3.

Plaintiff also contends that around February 28, 2018, he was choked unconscious and kicked while his hands were cuffed behind his back. ECF No. 10 at 6. He does not state by whom, or any circumstances surrounding the incident.

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 5

An incident nearly two weeks prior to the submission of a complaint is insufficient to show "imminent danger of serious physical injury." *See Cervantes*, 493 F.3d at 1056-57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").

Plaintiff claims that after he submitted his complaint, he was punched in the stomach, while cuffed and kneeling in his cell on March 13, 2018. ECF No. 10 at 6. He claims no infraction and no report were issued. *Id.* From this, it could be inferred that Plaintiff was engaging in behavior for which he could have been infracted, and for which any contact with his stomach could plausibly have been either accidental or used to subdue him.

Plaintiff complains that he has a broken rib for which he is awaiting an x-ray. *Id.* He does not state when this occurred, or any circumstances surrounding the incident. Although Plaintiff contends that he was subjected to physical assaults between January 31, 2018, and March 17, 2018, he presents no facts from which the Court could infer that the contact with Plaintiff was excessive under the circumstances or subjected him to the imminent danger of serious physical injury.

Plaintiff concludes that "[e]very day Troupe is at the mercy of the Defendants and with the continued assaults, threats, spiting [sic] in food there's always a danger of serious physical injury because so far no one at all has helped Troupe." ECF No. 10 at 9-10. He contends that "every single day the Defendants

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS,* DISMISSING ACTION AND DENYING PENDING MOTIONS AS MOOT -- 6

have the option to cuff him up, kneel him down, assault him and have done so repetedly [sic] for almost 2 months." *Id.* at 10. He asserts that his "safety should in any Court of Law outweigh any 3 strike rule." *Id.* Unfortunately, Plaintiff has failed to present facts which would satisfy the imminent danger exception of 28 U.S.C. § 1915(g).

Based on the facts presented, Plaintiff has not made a sufficient showing of "imminent danger of serious physical injury" in the complaint he lodged on March 12, 2018. *See* ECF No. 2. Liberally construing Plaintiff's submissions in the light most favorable to him, the Court finds that his assertions of speculative future injury fail to overcome the preclusive effects of 28 U.S.C. § 1915(g). Therefore, **IT IS ORDERED** the application to proceed *in forma pauperis,* ECF No. 3, is **DENIED.**

Although granted the opportunity to do so, Plaintiff did not pay the $400.00 fee ($350.00 filing fee, plus $50.00 administrative fee) to commence this action. Therefore, **IT IS ORDERED** this action is **DISMISSED without prejudice** for failure to comply with 28 U.S.C. § 1914. **IT IS FURTHER ORDERED** that all pending motions are **DENIED as moot**.

/ / /

/ / /

/ / /

/ / /

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **close this case.** The Court further certifies that any appeal of this Order would not be taken in good faith.

**DATED** April 6, 2018.

                                              *s/ Rosanna Malouf Peterson*
                                           ROSANNA MALOUF PETERSON
                                              United States District Judge